**AETNA CASUALTY & SURETY COM-
PANY, Appellant,**

v.

**Carey WESTON, Appellee.**

**Carey WESTON, Appellant,**

v.

**AETNA CASUALTY & SURETY COM-
PANY, Appellee.**

**No. 20575.**

United States Court of Appeals
Fifth Circuit.

May 27, 1964.

---

* Of the District of Columbia Circuit, sitting by Designation.

1. LSA–R.S. 23:1021 et seq.

2. LSA–R.S. 23:1061:
   "Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and

John T. Cooper, Adams & Reese, New Orleans, La., for Aetna Casualty & Surety Co.

Robert J. Mack, Sims and Mack, Hammond, La., for Weston.

Before HUTCHESON, PRETTY-MAN * and JONES, Circuit Judges.

PER CURIAM.

Weston sued for workmen's compensation and medical benefits under the Louisiana workmen's compensation laws.[1] Judgment was rendered in his favor, though for total and temporary disability rather than total and permanent disability as he had prayed. Both parties appealed this judgment. There is no merit in either appeal, the judgment is affirmed.

The only substantial issue raised by Aetna is that the facts do not support the trial judge's conclusion that the relationship between Richardson, the insured, and Andrews, the employer of Weston, was that of principal and contractor.[2] After a thorough examination of the record we are unable to say that

contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him * * *."

the trial court's findings of fact, from which within the framework of the jurisprudence of Louisiana he could conclude that the relationship of principal and contractor existed, were clearly erroneous.

Weston's specifications of error concerning as they do objections to findings of facts and acts of discretion are without merit.

Affirmed.